## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

DEAN R BARRETT,

                              Plaintiff,

vs.

US BANK,

                              Defendant.

Case Number: 4:17-CV-00635-BP

## AMENDED COMPLAINT – CLASS ACTION

Now comes Plaintiff Dean R. Barrett, by and through his counsel, and for his Amended Complaint, states and avers as follows:

## INTRODUCTION

1.      Plaintiff, Dean R. Barrett, brings this action pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA") for violation by the defendant US Bank, N.A. ("US Bank").

2.      This class action alleges that certain policies and practices followed by US Bank in obtaining and using consumer reports violate the FCRA.

3.      In enacting the FCRA, Congress limited the purposes by which users could legitimately use or obtain consumer reports, with the intention of preventing invasion of consumers' right to privacy.

4.      An invasion of consumers' privacy was among the harms that Congress identified and sought to prevent by passing the FCRA. *See* 15 USC §1681(a)(4).

5.      Plaintiff brings this action to secure redress for US Bank's violations of the FCRA. Plaintiff seeks statutory damages and punitive damages, attorney fees and costs.

1

## JURISDICTION AND VENUE

6.      Jurisdiction of this Court is conferred under 28 USC. §§ 1331 and 1337, and 15 USC. § 1681p.

7.      Venue in this district is proper because US Bank conducts business in this district and the events upon which this action is based transpired in this district.

## PARTIES

8.      Plaintiff Dean R. Barrett is a resident of Jackson County, Missouri and is a "consumer" as defined by the FCRA, 15 USC. §1681a(c).

9.      US Bank is one of the nation's largest national banks with thousands of full service financial services branches across the county, and revenues in the billions of dollars.   US Bank has thousands of employees.

10.     US Bank is a "creditor" and "financial institution" as defined by the FCRA, 15 USC. § 1681(r) and (t).

11.     US Bank is a user of "consumer reports," as contemplated by the FCRA, 15 USC. § 1681a(d)(1).

## FACTS

12.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

13.     Prior to May 19, 2010, US Bank extended a mortgage to Plaintiff.

14.     On May 19, 2010, Plaintiff filed a Chapter 13 bankruptcy in the Western District of Missouri in case number 10-42504-13.

15.     In May, 2010, Plaintiff resided at 1 E. 97th Street, Kansas City, Missouri which

was secured by a 1st Deed of Trust to Wells Fargo and a 2nd Deed of Trust to Defendant U.S. Bank.

16. Plaintiff's initial Chapter 13 Plan indicated his intent to maintain the property located at 1 E. 97th Street, Kansas City, Missouri pursuant to 11 U.S.C. 1322(b)(5), which would exempt the Wells Fargo and US Bank loans from discharge pursuant to 11 U.S.C. 1328(a)(1).

17. In September, 2013, Plaintiff vacated the property located at 1 E. 97th Street, Kansas City, Missouri and ceased payments to Defendant U.S. Bank.

18. On March 12, 2015, Plaintiff amended the plan to surrender all his interest in the property located at 1 E. 97th Street, Kansas City, Missouri.

19. Defendant US Bank received notice of Plaintiff's amended plan surrendering all his interest in the property.   Bankr. Case No. 10-42504-abf13 ECF No. 106 (entered 3/12/2015).

20. The March 12, 2015 Amended Plan was confirmed and completed and Plaintiff received a discharge on May 26, 2015.

21. The Amended Plan made clear Plaintiff's intent to surrender all rights to and interest in the property

22. As a result of Plaintiff's completed Amended Chapter 13 Plan, Plaintiff's obligations to US Bank were discharged on May 26, 2015.

23. As of May 2015, Plaintiff no longer had a debtor/creditor relationship with US Bank.

24. On December 8, 2015, Defendant US Bank accessed Plaintiff's credit report for an account review.

25. On December 8, 2015, Defendant US Bank. no longer had a legally permissible purpose to access Plaintiff's credit report for an account review

3

26.     US Bank had no legitimate business need or permissible purpose to use or obtain Plaintiff's credit report on December 8, 2015.

27.     Plaintiff's consumer report contains private information.

28.     Because of US Bank's access of Plaintiff's consumer report without any legitimate business need or permissible purpose, US Bank Invaded Plaintiff's privacy.

## FACTS COMMON TO ALL CLASS MEMBERS

29.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

30.     US Bank's regular practice is to obtain consumer reports from a consumer reporting agency even though the subject consumer has paid any alleged debt or balance owed to US Bank, and there is no legitimate need to evaluate the consumer for credit review.

31.     US Bank's regular practice is to use or obtain consumer reports from a consumer reporting agency on consumers with whom US Bank once, but no longer, has a consumer-creditor relationship.

32.     Each putative class member's consumer report contains private information.

33.     As a result of US Bank's access to the consumer reports of the putative class without any legitimate business need or permissible purpose, US Bank invaded each putative class member's right to privacy.

## US BANK ACTED WILLFULLY

34.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

35.     US Bank knew or should have known that its actions and omissions violated the FCRA as it certainly knew that Plaintiff previously paid off any debt.

4

36. The obligation to only obtain consumer reports for a permissible purpose are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission and Consumer Financial Protection Bureau.

37. US Bank procured, or had available to it, substantial written materials that informed it of its duties under the FCRA. Any reasonable creditor that utilized consumer reports in whole or in part when making credit review decisions knows about, or should know about, and can easily discover the federal mandates arising under the FCRA. In fact,

38. Despite knowing of these legal obligations, US Bank acted recklessly and consciously in breaching its known duties and depriving Plaintiff and other members of the class of their rights under the FCRA.

39. As a result of these FCRA violations, US Bank is liable to Plaintiff and to each FCRA Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 USC. §1681n(a)(1)(A), plus punitive damages pursuant to 15 USC. §1681n(a)(2) for each of the violations alleged herein, and for attorneys' fees and costs pursuant to §1681n and §1681o.

## CLASS ACTION ALLEGATIONS

40. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

41. Pursuant to Missouri Supreme Court Rule 52.08, Plaintiff brings this action for himself and on behalf of a class (the "Class") initially defined as follows:

> All consumers whose consumer reports were accessed by Defendant after the consumer received a bankruptcy discharge of debts owed to Defendant during the applicable statute of limitations.

42. Class actions in Missouri are governed by Rule 52.08, which sets out four requirements for class certification:

5

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

43.     Numerosity. The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by US Bank, and the Class members may be notified of the pendency of this action by published and/or mailed notice. Numerosity can be inferred by Defendant's size, that it employs thousands of employees and the fact that its omissions are part of its routine business practice.

44.     Existence and Predominance of Common Questions of Law and Fact. Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things and without limitation:

a.      whether US Bank used or obtained a Class member's consumer reports;

b.      whether US Bank had a permissible purpose to obtain a class member's consumer report;

c.      whether US Bank had an existing creditor relationship with the consumer whose consumer report it used or obtained;

d.      whether US Bank acted willfully;

e.      what is the appropriate amount of statutory damages per class member and the appropriate amount of punitive damages that should be awarded.

45.     Typicality. Plaintiff's claims are typical of the claims of each Class member. Plaintiff seeks only statutory and punitive damages. In addition, Plaintiff is entitled to relief under

6

the same causes of action as the other members of the Class.

46.     Adequacy. Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his Counsel will fairly and adequately protect the interests of the members of the Class.

47.     Superiority. Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by US Bank's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

48.     Injunctive Relief Appropriate for the Class. Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members.

## COUNT ONE: VIOLATION OF THE FCRA § 1681b(f)

49.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

50.     This claim is for violation of 15 USC. § 1681b(f), and is advanced on behalf of Plaintiff and all members of the putative Class.

51.     US Bank violated 15 USC. § 1681(f) by willfully and/or recklessly obtaining or using Plaintiff's and the putative Class Member's consumer profiles/reports without a permissible purpose or authorization under the FCRA.

52.     US Bank's actions and omissions hereunder, in failing to comply with the FCRA, are willful.

53.     US Bank violated 15 USC. § 1681o by negligently obtaining or using the consumer files without a permissible purpose or authorization under the FCRA.

54.     US Bank violated 15 USC. § 1681n by willfully and/or recklessly obtaining or using the consumer files without a permissible purpose or authorization under the FCRA.

55.     As a result of the above violations of the FCRA, Defendant invaded Plaintiff's and each member of the putative Class's privacy.

56.     As a result of the above violations of the FCRA, US Bank is liable to the Plaintiff, and to each member of the putative Class for statutory damages, punitive damages, costs, disbursements, and reasonable attorney's fees.

*WHEREFORE*, Plaintiff and the Class Members pray for relief as follows:

1.     An order certifying the proposed FCRA class herein under Missouri Supreme Court Rule 52.08 and appointing Plaintiffs and their undersigned counsel of record to represent same;

2.     The creation of a common fund available to provide notice of and remedy Defendant's FCRA violations;

3.     Statutory and punitive damages;

4. Equitable and/or declaratory relief; including that US Bank be restrained from engaging in future conduct in violation of the FCRA;

5. An injunction requiring US Bank to conduct weekly audits of all its files and file quarterly reports of third-party audits with the Court on its system and procedures to ensure consumer reports that it uses or obtains are the subject of an existing consumer obligation;

6. Attorneys' fees, expenses and costs;

7. An Order that US Bank, its agents, and anyone acting on US Bank's behalf, be immediately restrained from altering, deleting, or destroying any documents or records that could be used to identify Class members;

8. Pre-judgment and post-judgment interest as provided by law; and

9. Such other relief the Court does deem just, equitable and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

*Respectfully Submitted*,

By: /s/ A.J. Stecklein
A.J. Stecklein  #46663
Michael H. Rapp        #66688
Stecklein & Rapp Chartered
748 Ann Avenue
Kansas City, Kansas 66101
Telephone:   (913) 371-0727
Facsimile:   (913) 371-0727
Email: aj@kcconsumerlawyer.com
         mr@kcconsumerlayer.com

-and-

Keith J. Keogh (*pro hac vice* to be filed)
Keogh Law Ltd.
55 West Monroe, Suite 3390
Chicago, Illinois 60603
Telephone:    (312) 726-1092
Facsimile:    (312) 726-1093
Email:Keith@keoghlaw.com

Attorneys for Plaintiff

## CERTIFICATE OF FILING

I hereby certify that the foregoing document was filed electronically with the Clerk of the Court's ECF system on September 18, 2017, which will automatically generate notice of filing to all counsel of record.

/s/ A.J. Stecklein
Attorney for Plaintiff